

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

January 22, 2024

**By CM/ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130

     Re: *Gas Transmission Northwest, LLC v. FERC*, No. 24-60002

Dear Mr. Cayce:

We represent Petitioner Gas Transmission Northwest, LLC. We write to notify the Court that we have filed the attached motion to reconsider and strike the consolidation order entered by the Judicial Panel on Multidistrict Litigation in this matter.

We respectfully request that the Court not transfer the case under the first sentence of 28 U.S.C. § 2112(a)(5) until the Panel acts on our motion.

     Respectfully submitted,

     /s/ Sean Marotta
     Sean Marotta

     *Counsel for Petitioner*

cc: All counsel (by CM/ECF)

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Birmingham Boston Brussels Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Warsaw Washington, D.C. Associated Offices: Budapest Jakarta Riyadh Shanghai FTZ Ulaanbaatar. Business Service Centers: Johannesburg Louisville. Legal Services Center: Berlin. For more information see www.hoganlovells.com

**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDSITRICT LITIGATION**

|  |  |  |
|---|---|---|
| | ) | |
| Petitions for Review of an Order of the Federal Energy Regulatory Commission: *Gas Transmission Northwest, LLC*, 185 FERC ¶ 61,035, Issued Oct. 23, 2023 | ) ) ) ) ) | MCP No. 175 |

**GAS TRANSMISSION NORTHWEST, LLC'S MOTION TO RECONSIDER AND STRIKE THE NOTICE OF MULTICIRCUIT PETITIONS FOR REVIEW**

Gas Transmission Northwest, LLC (GTN) moves to reconsider the Panel's consolidation order entered in this proceeding and strike the Federal Energy Regulatory Commission's notice of multicircuit petitions for review. *See In re Federal Energy Regulatory Comm'n*, 341 F. Supp. 3d 1378, 1380 (JPML 2018) (*Atlantic Coast Pipeline*) (granting similar relief); *In re Federal Energy Regulatory Comm'n*, 278 F. Supp. 2d 1379 (JPML 2003) (*Yakama Nation*) (striking a defective notice of multicircuit petitions for review). GTN and Columbia Riverkeeper and Rogue Climate (collectively, Riverkeeper) have petitioned for review of the Commission's certificate order authorizing the GTN XPress Project in different courts of appeals—GTN in the Fifth Circuit and Riverkeeper in the D.C. Circuit. But Riverkeeper delivered a copy of its petition without the date stamp required by 28 U.S.C. § 2112(a)(2) and filed and delivered its petition outside of 28 U.S.C. § 2112(a)(1)'s 10-day statutory window. There is therefore no need for the Panel to conduct a lottery because only one petition—GTN's Fifth Circuit petition—was properly delivered and timely filed.

**BACKGROUND**

**Commission Proceedings.** FERC issued a certificate of convenience and public necessity for the GTN XPress Project on October 23, 2023. Order Issuing Certificate, *Gas Transmission Northwest, LLC*, 185 FERC ¶ 61,035 (Oct. 23, 2023). Under the Natural Gas Act,

1

a party aggrieved by the certificate order that wishes to seek judicial review must first apply for rehearing from the Commission within 30 days of the order.  *See* 15 U.S.C. § 717r(a); *Williston Basin Interstate Pipeline Co. v. FERC*, 475 F.3d 330, 335 (D.C. Cir. 2006) ("If a party does not seek rehearing, no judicial review is available.").  GTN and Riverkeeper both timely sought rehearing of the Commission's certificate order on November 22, 2023.  *See* GTN, Request for Rehearing or, in the Alternative, Clarification of Gas Transmission Northwest, LLC, FERC Document Accession No. 20231122-5270 (Nov. 22, 2023); Riverkeeper, Request for Rehearing of Order 185 FERC ¶ 61,035 Issuing Certificate Under Section 7 of the Natural Gas Act, FERC Document Accession No. 20231122-5271 (Nov. 22, 2023).

If the Commission does not "act[ ] upon the application for rehearing within thirty days after it is filed, such application may be deemed to have been denied."  15 U.S.C. § 717r(a); *see also Allegheny Defense Project v. FERC*, 964 F.3d 1, 12-13 (D.C. Cir. 2020) (en banc) (discussing the Natural Gas Act's deemed-denied provision).  The Commission did not act on GTN and Riverkeeper's applications for rehearing by the close of business on Friday, December 22, 2023, the thirtieth day after the applications were filed.  The applications therefore "may be deemed to have been denied" on that date.  15 U.S.C. § 717r(a); *see also* Doc. 1 at 2 (agreeing the rehearing applications could be deemed denied on December 22).

The next business day, Tuesday, December 26, 2023, the Commission's Deputy Secretary issued a "Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration."  *Gas Transmission Northwest, LLC*, 185 FERC ¶ 62,169 (Dec. 26, 2023).  The notice recites that rehearing had been timely requested of the Commission's certificate order and that "[i]n the absence of Commission action on a request for rehearing within 30 days from the date it is filed, the request for rehearing may be deemed to have been

2

denied." *Id.*  The Commission's staff has explained that notices such as the one issued on December 26 merely "acknowledge that, because the 30-day deadline in the Natural Gas Act . . . has passed, rehearing may be deemed denied by operation of law."  FERC Staff, *Recent Changes in Commission Rehearing Practice* (Sept. 17, 2020), https://www.ferc.gov/news-events/news/recent-changes-commission-rehearing-practice-item-3.  "Importantly," the notice does not "rule on the rehearing request; [it] simply announce[s] the status of the proceeding as a means to keep the public informed." *Id.*

**GTN and Riverkeeper's Petitions for Review.**  GTN and Riverkeeper both petitioned for review of the Commission's certificate order.  GTN has its principal place of business in Houston, Texas, and it filed a petition for review of the Commission's certificate in the Fifth Circuit on January 2, 2024 through the Court's CM/ECF system.  *See* Doc. 1-3 at 3-4; 15 U.S.C. § 717r(b) (granting venue "in the court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business").  The Fifth Circuit electronically date-stamped the petition as "received" and docketed it as No. 24-60002 the same day.  Doc. 1-3 at 3.  GTN then hand delivered a copy of the date-stamped Fifth Circuit petition for review to the Commission's Secretary on January 2, 2024 by delivering it to FERC's off-site screening facility in Rockville, Maryland.  *See id.* at 2; *see also* 18 C.F.R. § 385.2012 (requiring that, for multicircuit lottery purposes, date-stamped petitions for review must be "mailed or hand delivered" to FERC's Office of the Secretary); *Formal Requirements for Filings in Proceedings Before the Commission*, Order No. 862, 168 FERC ¶ 61,120, PP 5-6 (Aug. 27, 2019) (directing that courier deliveries of filings be taken to the Commission's off-site

screening facility in Rockville and stating that hand deliveries to the facility will be "recorded by the Commission as received on that date").[1]

Riverkeeper also petitioned for review of the Commission's certificate order. It filed a petition in the D.C. Circuit on January 4, 2024, through the Court's CM/ECF system. Doc. 1-4 at 2-12; 15 U.S.C. § 717r(b) (granting venue for review of all FERC orders in the D.C. Circuit). Riverkeeper then hand delivered to FERC's Secretary on January 5, 2024, a copy of its petition for review and a D.C. Circuit docketing form that its counsel had filled out. Doc. 1-4 at 2-3. The petition for review that Riverkeeper delivered did not include a physical or electronic date stamp from the D.C. Circuit or a header from the D.C. Circuit's CM/ECF system indicating when the petition for review had been filed. *Id.* at 4-7. Riverkeeper's cover letter stated that "[d]ue to an administrative backlog at the Court, the clerk could not provide a date-stamped copy of the petition today, but we are told that one will be available Monday." *Id.* at 2. Riverkeeper's cover letter further stated that "[i]f necessary, we can provide a receipt documenting that the filing fee was paid on January 4, 2024." *Id.* Riverkeeper did not attach its receipt to the copy of the petition it delivered. But Riverkeeper nonetheless demanded that the Commission submit a notice of multicircuit petitions for review so that the Panel could conduct a multicircuit lottery. *Id.*

**FERC decides to file a notice of multicircuit petitions for review.** On January 9, GTN's counsel emailed FERC's Solicitor and Deputy Solicitor to notify them of the two petitions for review filed in different courts of appeals and Riverkeeper's position that the

---

[1] FERC's Secretary stamped GTN's petition for review as "filed" on January 3, 2024, because the Secretary's office did not receive the petition from the off-site screening facility until the day after delivery. *See* Doc. 1-3 at 2. But FERC's docket accurately reflects that the petition was received on January 2, 2024. *See* Doc. 1-1 (confirming that GTN's petition was received by FERC on January 2).

petitions should be transmitted to the Panel.  Ex. A.  GTN's counsel explained that a notice was unnecessary because Riverkeeper's delivered petition did not meet § 2112(a)'s criteria for inclusion.  *Id.*  First, Riverkeeper's petition was not "stamped by the court with the date of filing" as § 2112(a)(2) requires.  *Id.* at 1.  Second, the 10-day window for triggering the multicircuit lottery closed on January 2, 2024, 10 days—plus one for the New Year's Day federal holiday— after GTN and Riverkeeper's rehearing applications were deemed denied by operation of law on December 22, 2023.  *Id.* at 1-2.  GTN's counsel copied Riverkeeper's counsel on his email.  *Id.*

Riverkeeper's counsel wrote back the same day, asserting that "assignment of a case number by the D.C. Circuit," even without a date-stamp or other indicia from the Court as to the date of filing, was sufficient to satisfy § 2112(a)(2)'s date-stamp requirement.  Ex. B at 2. Riverkeeper's counsel also asserted that the 10-day lottery window opened with the December 26, 2023, notice of denial of rehearing by operation of law, not the actual December 22, 2023 deemed denial of the rehearing applications.  *Id.*  But Riverkeeper's counsel admitted that "there are arguments on both sides of these two questions."  *Id.*  In a later email, Riverkeeper's counsel asserted that even if the trigger was the deemed denial of the rehearing applications, the denial did not occur until December 26, 2023.  Ex. C at 1.

Consistent with its preference to have legal questions regarding the multicircuit lottery decided by the Panel, FERC submitted a notice of multicircuit petitions for review that noted the parties' disagreement and requested that the notice be struck if the Panel concluded that Riverkeeper's petition did not meet § 2112(a)'s prerequisites.  Doc. 1.  GTN attempted to move to strike the notice the next day, but was informed by the Panel's Clerk's Office that the filing was still under compliance review and the appropriate course was to wait until that was complete.  The Panel's Clerk then accepted the notice for filing on January 22, 2024, and

5

immediately selected the D.C. Circuit as the court in which to consolidate the two petitions for review.  Docs. 5-6.  GTN's motion to reconsider and strike follows.

## ARGUMENT

"In order to trigger the random selection procedures under" 28 U.S.C. § 2112(a)(3), "the petitions for review included in FERC's notice to the panel must meet strict statutory requirements." *Yakama Nation*, 278 F. Supp. 2d at 1380.  28 U.S.C. § 2112(a)(1) states that "[i]f within ten days after the issuance of [an] order [an] agency . . . receives from the persons instituting the proceedings, the petition for review with respect to proceedings in at least two courts of appeals, the agency . . . shall" transmit the petitions to the Panel to conduct a multicircuit lottery.  28 U.S.C. § 2112(a)(2), in turn, states that "[f]or purposes of paragraph (1) . . . a copy of the petition . . . which is stamped by the court with the date of filing shall constitute the petition for review."

The Panel has boiled down 28 U.S.C. § 2112(a) to several distinct requirements that two or more petitions for review filed in different circuits must meet in order to trigger a multicircuit lottery.  "First, the petitions for review must be filed in the court of appeals and received by the agency within ten days of the agency order." *Id.*  "Second, petitions for review must be 'stamped by the court with the date of the filing,' and then, these file-stamped petitions must be received by the agency 'from the persons instituting the proceedings.' " *Id.* (quoting 28 U.S.C. § 2112(a)).

Everyone agrees that GTN's Fifth Circuit petition satisfies § 2112(a)'s criteria for inclusion.  But Riverkeeper's D.C. Circuit petition fails for two independent reasons.  First, Riverkeeper's petition for review is not "stamped by the court with the date of filing" as § 2112(a)(2) requires.  Second, the 10-day lottery window closed on January 2, 2024, and

Riverkeeper's petition for review was filed and delivered to the Commission after that date. Each flaw, standing alone, warrants striking the notice.

I.     **RIVERKEEPER DID NOT DELIVER TO THE COMMISSION A DATE-STAMPED PETITION FOR REVIEW OR ITS FUNCTIONAL EQUIVALENT.**

The petition that Riverkeeper delivered to the Commission on January 5 is not a "petition for review" under § 2112(a) because it was not "stamped by the [D.C. Circuit] with the date of filing." 28 U.S.C. § 2112(a)(2). The Panel has explained that "[t]he date stamp need not be an ink stamp of a physical document. It can also, for example, be a date stamp added to the document by the court's electronic filing system." *Atlantic Coast Pipeline*, 341 F. Supp. 3d at 1380 n.2. The Panel has also noted the Second Circuit's holding that "an automatically generated email from the circuit court with the date of filing, attached to the petition submitted to the agency, can satisfy Section 2112(a)." *Id.* (citing *Local Union 36 v. NLRB*, 631 F.3d 23, 26 (2d Cir. 2010)). But Riverkeeper's petition does not include *any* of these things. It does not bear an ink date stamp. Doc. 1-4 at 4-7. It does not bear an electronic date stamp. *Id.* It does not bear a header from the D.C. Circuit's CM/ECF system showing the date of filing. *Id.* And it does not have attached to it an email or other evidence from the D.C. Circuit that the petition was filed on January 4. *Id.* The *only* evidence that the petition was filed on January 4 is Riverkeeper's cover letter saying so. *Id.* at 2.

Riverkeeper has contended its cover letter is sufficient because all § 2112(a)(2) requires "is sufficient indicia that the case was filed." Ex. B at 1. Not quite. § 2112(a)(1)'s requirement that the petitioner file its case within the 10-day window and § 2112(a)(2)'s requirement that the petitioner deliver a date-stamped copy of its petition for review are *separate* requirements. What is necessary is not just indicia that the petition was filed within the 10-day window, but indicia *from the court of appeals* that the petition was filed within the 10-day window, such as a date

7

stamp or its functional equivalent.  The Panel has accordingly struck multicircuit petitions for review where a petitioner indisputably filed within the 10-day window but failed to deliver a date stamped copy of the petition to the agency.  *See Atlantic Coast Pipeline*, 341 F. Supp. 3d at 1380; *Yakama Nation*, 278 F. Supp. 2d at 1380.

Riverkeeper has contended that a petitioner can "promptly move to secure the proper forum" under § 2112(a) "without waiting for a clerk's office to process and serve the petition for review."  Ex. B at 1-2 (quoting *Remington Lodging & Hospitality, LLC v. NLRB*, 747 F.3d 903, 905 (D.C. Cir. 2014)).  That is true; if Riverkeeper delivered a date-stamped copy of the petition to the Commission, § 2112(a)(2) would be satisfied even though D.C. Circuit had not yet docketed the petition and served it on the Commission.  But *Remington Lodging*—which addressed § 2112(a)'s requirement that the date-stamped petition for review be received from the petitioner rather than the court of appeals—did not dispense with the date-stamp requirement as Riverkeeper seems to believe.  *See id.*

Riverkeeper's true argument appears to be that its cover letter's representation that the petition was filed on January 4, 2024, should satisfy § 2112(a)(2) because the D.C. Circuit Clerk's Office stated that "there was a backlog of filings and that [it] could not provide a date-stamped copy that day."  Ex. B at 1.  It is unclear whether Riverkeeper attempted to escalate the matter within the D.C. Circuit Clerk's Office in order to promptly obtain a date-stamped copy. Regardless, Riverkeeper had options.  As of *Atlantic Coast Pipeline*, the D.C. Circuit Clerk's Office would physically date stamp a petition for review presented at its intake window for filing.  *See* Notice of Multicircuit Petitions for Review, Doc. 1-3, *Atlantic Coast Pipeline*, MCP. No. 153 (JPML Aug. 28, 2018) (petition for review bearing physical date stamp from D.C. Circuit Clerk).  Whatever path Riverkeeper took, it could not satisfy § 2112(a)(2) without

delivering a petition containing some evidence from the D.C. Circuit that the case was filed on January 4.

Riverkeeper has also argued that its delivered petition satisfied § 2112(a)(2) because it offered to send FERC evidence from the D.C. Circuit at some later date, such as a receipt confirming that the filing fee was paid on January 4.  Ex. B at 1.  It is uncertain whether the receipt, if it were timely delivered to FERC, would satisfy § 2112(a)(2).  Even *Local Union 36* and its nontextual approach to the date-stamp requirement states that where a circuit court *does* routinely date stamp petitions—as the D.C. Circuit does—then the copy of the petition delivered to the agency must include the court's date stamp.  631 F.3d at 29.  But assuming the backlog in the D.C. Circuit Clerk's Office meant that substitute evidence, such as the filing-fee receipt, would be sufficient, Riverkeeper had to actually deliver that evidence to the Commission's Secretary within the 10-day statutory window.  Riverkeeper supplementing its delivery outside of the window does not count.  *See Atlantic Coast Pipeline*, 341 F. Supp. 3d at 1380 n.2 (email generated by circuit court with date of filing might suffice only where the email was "attached to the petition submitted to the agency").  Because Riverkeeper did not deliver a date-stamped copy of its D.C. Circuit petition for review to the Commission's Secretary, the notice of multicircuit petitions for review should be struck.

II.     THE 10-DAY STATUTORY WINDOW CLOSED ON JANUARY 2, 2024, MAKING RIVERKEEPER'S PETITION TOO LATE.

GTN and Riverkeeper's rehearing applications were deemed denied by operation of law on December 22, 2023, 30 days after they were filed.  Ten days after December 22, 2023, is January 1, 2024, and the 10-day § 2112(a) statutory window therefore closed on January 2, 2024, the next business day.  But Riverkeeper's petition was not filed until January 4 and was not delivered to the Commission until January 5, two and three days too late, respectively.

9

Riverkeeper has contended that the 10-day window began on December 26, 2023, when FERC's Deputy Secretary issued the Notice of Denial of Rehearing by Operation of Law.  Ex. B at 2.  In Riverkeeper's view, because § 2112(a) refers to the 10-day window commencing on the "issuance" of an "order," the notice must be the trigger because it was the only thing issued by the Commission.  *Id.*

Riverkeeper is incorrect twice over.  First, § 2112(a) commences the 10-day window on the same day that an agency's order is ripe for judicial review.  A petition for review of FERC's certificate order was ripe as soon as the rehearing applications were deemed denied by operation of law; the 10-day multicircuit lottery window should have opened the same day.  That is particularly so because nothing in either § 2112(a) or the Natural Gas Act requires FERC's Deputy Secretary to have issued the Notice of Denial of Rehearing by Operation of Law.  *See Texas-Ohio Gas Co. v. Federal Power Comm'n*, 207 F.2d 615, 617 (D.C. Cir. 1953) (noting that, at the time, "the Commission d[id] not, in many if not most cases where a petition for rehearing is to be denied [by operation of law], enter any formal order").  What would happen, then, if FERC's Deputy Secretary issued the Notice of Denial of Rehearing by Operation of Law late?  Or never issued it at all?  In Riverkeeper's view, the 10-day lottery window would depend on the vagaries of the Commission's discretionary notice practices.  That cannot be what Congress intended.

Riverkeeper has argued that the deemed denial cannot be the trigger for the 10-day window because the cases are skeptical of "constructive issuance."  Riverkeeper Letter 2 (citing *City of Gallup v. FERC*, 702 F.2d 1116, 1121-22 (D.C. Cir. 1983) (per curiam)).  But the "constructive issuance" rejected in *City of Gallup* was a party's argument that the Commission's meeting where it *intended* to issue an order denying rehearing—but at the last minute decided to

10

withhold the rehearing order for further consideration—nonetheless constituted constructive issuance of the rehearing order.  702 F.2d at 1122-23.  That is a far cry from this case where the denial by operation of law occurred mechanically at the end of the thirtieth day following the rehearing applications' filing.

Second, Riverkeeper's textual argument fails on its own terms.  The Notice of Denial of Rehearing by Operation of Law is not an "order" of the Commission.  Only the Commission, not its Deputy Secretary, can issue an order denying rehearing.  *See Allegheny Defense Project*, 964 F.3d at 14.  The Commission, too, does not view the Notice of Denial of Rehearing by Operation of Law as an order of the Commission.  As FERC staff has explained, the notice "acknowledges" that denial of rehearing by operation of law has occurred, but the notice does not "rule on the rehearing request; [it] simply announce[s] the status of the proceeding as a means to keep the public informed."  *Recent Changes*, *supra*.  The notice therefore cannot be what commences the 10-day statutory period.[2]  The deemed denial is what does.  The 10-day period therefore closed on January 2.

Riverkeeper has alternatively contended that the deemed denial did not occur until December 26 because a deemed denial does not occur until "thirty days after [the rehearing application] is filed."  Ex. C at 1 (quoting 15 U.S.C. § 717r(a)).  In Riverkeeper's view, that

---

[2] The petitioners, the Commission, and the Panel in *In re Federal Energy Regulatory Commission (Broadview Solar)*, MCP No. 164 (June 9, 2021), and *In re Federal Energy Regulatory Commission (Improvements to Generator Interconnection Procedures)*, MCP No. 174 (Oct. 26, 2023) all appear to have assumed the Notice of Denial of Rehearing by Operation of Law was the trigger for the 10-day statutory period.  But in the absence of a motion to strike from one of the petitioners, the Panel had no reason to question FERC's notice stating that petitions delivered 10 days after the Notice of Denial of Rehearing by Operation of Law were properly included in the lottery.  *Cf. Atlantic Coast Pipeline*, 341 F. Supp. 3d at 1380 (noting that the Panel Clerk conducts a multicircuit lottery when "[s]eemingly presented with two petitions for review that satisif[y] the statutory criteria").  *Broadview Solar* and *Improvements to Generator Interconnection Procedures* therefore shed no light on whether a Notice of Denial of Rehearing by Operation of Law actually triggers the 10-day statutory window.

means the 30-day deemed-denial clock started on November 23, the day *after* the applications were filed, and did not expire until Saturday, December 23, a date that "rolls forward" to the next business day, December 26. *Id.*

Riverkeeper's argument flies in the face of settled time-computation principles. Riverkeeper contends that because a rehearing application's deemed denial occurs 30 days after the application's filing, the 30 days does not start until the day following filing. But any number of time periods run a certain number of days after a paper is filed or served. *See*, *e.g.*, Fed. R. App. P. 17(a) (record is due 40 days after the agency is served with the petition for review); Fed. R. App. P. 31(a)(1) (opening brief is due 40 days after the record is filed); *id.* (response brief is due 30 days after the opening brief is served). For all of these time periods, like the deemed-denial deadline, the deadline is computed by "exclud[ing] the day of the event that triggers the period" and "[i]ncluding the last day of the period," unless it is a Saturday, Sunday, or legal holiday. Fed. R. App. P. 26(a)(1).

Here, the "the day of the event that triggers the period"—the November 22, 2023 filing of the rehearing applications—is excluded. Next, count 30 days, or to December 22, 2023. December 22, 2023, was a Friday, so the period ends on that date. And when the Commission failed to act on the rehearing applications by the end of that day, the applications were deemed denied by operation of law. Riverkeeper's argument essentially double-counts the exclusion in Fed. R. App. P. 26(a)(1)(A), excluding *both* the day that triggers the 30-day time period— November 22, 2023—and the day after the day that triggers the 30-day time period. To take a simple example, no one would think that a brief due 30 days after an opponent's brief is filed on May 1, 2024 is somehow due on June 3. It's due on May 31, 2024, just as common-sense would

12

suggest.  The same is true with respect to the deemed denial of GTN and Riverkeeper's rehearing applications.

<p align="center">* * *</p>

All of this parsing of date stamps and deemed denials may seem overly technical.  But § 2112, at bottom, "creates a mechanical method of forum resolution" meant to take discretion out of the initial designation of a circuit to hear a challenge.  *City of Gallup*, 702 F.2d at 1125.  Congress in § 2112(a) required petitioners wishing to secure their preferred venue to "turn square corners" and follow precise steps.  *Remington Lodging & Hospitality*, 747 F.3d at 905 (citation omitted).  Riverkeeper did not, and the Panel should strike FERC's notice of multicircuit petitions for review.

## CONCLUSION

For the foregoing reasons, the Panel's consolidation order should be vacated and the Commission's notice of multicircuit petitions for review should be struck.

<div style="margin-left:50%">

Respectfully submitted,

/s/ Sean Marotta
Sean Marotta
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-4881
sean.marotta@hoganlovells.com

*Counsel for Gas Transmission Northwest, LLC*

</div>

Dated:  January 22, 2024

**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDSITRICT LITIGATION**

|  |  |  |
|---|---|---|
| | ) | |
| Petitions for Review of an Order of the Federal | ) | |
| Energy Regulatory Commission: *Gas Transmission* | ) | MCP No. 175 |
| *Northwest, LLC*, 185 FERC ¶ 61,035, Issued | ) | |
| Oct. 23, 2023 | ) | |
| | ) | |

**CORPORATE DISCLOSURE STATEMENT**

Gas Transmission Northwest, LLC, is a wholly owned subsidiary of TC PipeLines, LP.  TC PipeLines, LP is majority owned by TransCan Northern LLC.  TransCan Northern LLC is a wholly owned subsidiary of TransCanada American Investments Ltd.  TransCanada American Investments Ltd. is a wholly owned subsidiary of TransCanada PipeLine USA Ltd. TransCanada PipeLine USA Ltd. is a wholly owned subsidiary of TransCanada PipeLines Limited.  TransCanada PipeLines Limited is a wholly owned subsidiary of TC Energy Corporation, a publicly traded corporation.

Respectfully submitted,

/s/ Sean Marotta
Sean Marotta
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-4881
sean.marotta@hoganlovells.com

*Counsel for Gas Transmission Northwest, LLC*

Dated:  January 22, 2024

## CERTIFICATE OF SERVICE

I certify that on January 22, 2024, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to those counsel who are registered users.

I further certify that I served a copy of the foregoing on counsel for the Commission and counsel for all parties in the Fifth and D.C. Circuit proceedings as follows:

Robert H. Solomon
Angela X. Gao
Federal Energy Regulatory Commission
Washington, D.C. 20426
robert.solomon@ferc.gov
angela.gao@ferc.gov

Jan E. Hasselman
Earthjustice
810 3rd Avenue, Suite 610
Seattle, WA 98104
jhasselman@earthjustice.org

James Harrison Holt
Katherine Ann Wade
Betts & Holt LLP
810 Third Avenue
1101 Connecticut Avenue, NW
Suite 450
Washington, D.C 20036
jhh@bettsandholt.com
kaw@bettsandholt.com

/s/ Sean Marotta

# EXHIBIT A

**Marotta, Sean M.**

| | |
|---|---|
| **From:** | Marotta, Sean M. |
| **Sent:** | Monday, January 8, 2024 12:32 PM |
| **To:** | Robert Solomon; 'Susanna Chu' |
| **Cc:** | Jan Hasselman |
| **Subject:** | Gas Transmission Northwest, LLC, No. CP22-2 |
| **Attachments:** | GTN Express - Delivery to FERC Secretary Confirmation.pdf |

Bob and Susanna—

Happy Monday.  We represent Gas Transmission Northwest, LLC in connection with FERC docket No. CP22-2 and related litigation in the courts of appeals.  I am writing to make you aware that two petitions for review have been filed seeking review of the Commission's Order Issuing Certificate, *Gas Transmission Northwest, LLC*, 185 FERC ¶ 61,035 (Oct. 23, 2023) and that there is a disagreement among the parties as to whether the petitions should be referred to the Judicial Panel on Multidistrict Litigation for a multicircuit lottery.

The first petition for review was filed by GTN in the Fifth Circuit on January 2 and received by the Commission's Secretary on that day.  Our filing was docketed under Accession Number 20240103-0002.  (I have attached our proof of receipt from the Commission's off-site screening facility.  The docketed filing is marked "filed" as of January 3.  That is incorrect under Order No. 826, which deems a hand-filed filing received on the date it is received by the off-site screening facility.  But the difference between January 2 and January 3 is irrelevant for this dispute.  I have nonetheless opened a ticket with the Secretary's Office to address the discrepancy under Ticket #SCTASK0041507.)

The second petition for review was filed by Columbia Riverkeeper and Rogue Climate in the D.C. Circuit on January 4 and delivered to the Secretary on January 5.  That filing was docketed under Accession Number 20240105-0003.

Riverkeeper's cover letter asserts that FERC should file a notice of multicircuit petitions for review.  But Riverkeeper's petition for review fails to meet the "strict statutory requirements" of § 2112(a), *In re Federal Energy Regulatory Comm'n*, 278 F. Supp. 2d 1379, 1380 (JPML 2003) (*Yakama Nation*), for two reasons.

*First*, Riverkeeper's petition is not "stamped by the court with the date of filing."  28 U.S.C. § 2112(a)(2).  Riverkeeper's cover letter asserts that it was unable to deliver a date stamped copy because of a "backlog" at the D.C. Circuit.  We doubt that the D.C. Circuit Clerk's Office would decline to provide *any* proof of the date of filing if the necessity of the date stamp were explained to it.  *See In re Federal Energy Regulatory Comm'n*, 341 F. Supp. 3d 1378, 1380 n.2 (JPML 2018) (*Atlantic Coast Pipeline*) (emphasizing that "[t]he date stamp need not be an ink stamp of a physical document" and elaborating on alternatives that have been held to comply).  We are also aware from *Atlantic Coast Pipeline* that—at least as of that case—the D.C. Circuit Clerk's Office will physically date stamp a hard copy of a petition for review presented at the Clerk's intake window.  Regardless, Riverkeeper did not deliver a petition that complies with the statute, and Riverkeeper's petition therefore cannot trigger the multicircuit lottery.

*Second*, Riverkeeper's petition was delivered outside of § 2112(a)'s 10-day statutory window.  Under the statute, the ten-day window opens "after issuance of the order."  The "order" in this case is the deemed denial of parties' applications for rehearing by operation of law under 15 U.S.C. § 717r(a).  The applications for rehearing were filed on November 22, 2023, and the Commission did not act on the rehearing applications "within thirty days after [they] were filed."  *Id.*  The Commission is therefore deemed to have denied the

1

applications at the close of business on December 22, 2023, the 30th day following the applications' filing.  Ten days after December 22 is January 1, 2024, which, because of the New Year's Day federal holiday, "rolls forward" to January 2, 2024.  The 10-day lottery window under § 2112(a) therefore closed on January 2.

Riverkeeper's cover letter asserts that the trigger for the 10-day window is the Commission Secretary's notice of denial of rehearing by operation of law on December 26, 2023, the first business day after December 22.  But the Commission Secretary's notice merely informs the parties and the public of the denial by operation of law that occurred on December 22; it is not, itself, the denial.  And Riverkeeper's position cannot be correct because nothing in the Gas Act or any other law requires the notice of denial; even if the Commission issued nothing on December 26, the rehearing applications still would have been deemed denied by operation of law on December 22.

We therefore ask the Commission to confirm that it will file the record in the Fifth Circuit in accordance with the second and third sentences of § 2112(a).  I have copied Riverkeeper's counsel on this email.

Best,

Sean

**Sean Marotta**
Partner

**Hogan Lovells US LLP**
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

Tel:      +1 202 637 5600
Direct:   +1 202 637 4881
Fax:      +1 202 637 5910
Email:    sean.marotta@hoganlovells.com
          www.hoganlovells.com

*Please consider the environment before printing this e-mail.*

2

# EXHIBIT B



<div align="center">January 8, 2024</div>

VIA EMAIL

Robert Solomon
Susanna Chu
Federal Energy Regulatory Commission
888 First Street N.E.
Washington, DC 20426
Robert.Solomon@ferc.gov
Susanna.Chu@ferc.gov

  **RE: Columbia Riverkeeper v. FERC, D.C. Cir. No. 24-1002**

Dear Mr. Solomon and Ms. Chu:

  I represent Columbia Riverkeeper and Rogue Climate in a petition to the D.C. Circuit of FERC's certificates 185 FERC ¶ 61,035 and 185 FERC ¶ 62,169. I am writing in response to an email counsel for GTN sent on January 8, 2024.

  As a threshold matter, we are puzzled why counsel is seeking to litigate a matter as consequential as Circuit venue via email. As Mr. Solomon's response indicated, the venue for these consolidated petitions is likely to be contested for several reasons. We do not think it is appropriate for the parties to be lodging informal emails arguing their case for venue with agency staff. Rather, where venue is contested, FERC should allow the multi-district lottery process to proceed, and any party aggrieved by the result can raise their concerns to the assigned court. *See City of Gallup v. FERC*, 702 F.2d 1116, 1121-22 (D.C. Cir. 1983) (noting that courts, not the agency, should resolve venue issue).

  Separately, Mr. Marotta's email suggests two reasons why Columbia Riverkeeper's petition does not trigger the multi-district lottery provided for under 28 U.S.C. § 2112(a). Neither is correct.

  First, as our cover letter to you last week explained, we filed our petition on January 4. On that date, the case was assigned a case number, we paid the docketing fee, and we verbally confirmed with the clerk that it was received. As we further explained, the Court's clerk at that time told us that there was a backlog of filings and she could not provide a date-stamped copy that day, even after the situation was explained to her. Counsel's "doubt" that we are telling the truth about this exchange is not well taken. If we need to provide a sworn affidavit or filing fee receipt to confirm our account, we can do that. In any event, as counsel concedes, a physical stamp is not required as long as there is sufficient indicia that the case was filed. *In re FERC*, 341 F.Supp.3d 1378, 1380 (JPML 2018); *see also Remington Lodging & Hospitality, LLC v.*

NORTHWEST OFFICE 810 THIRD AVENUE, SUITE 610 SEATTLE, WA 98104

T: 206.343.7340 NWOFFICE@EARTHJUSTICE.ORG WWW.EARTHJUSTICE.ORG

January 8, 2024
Page 2

*N.L.R.B.*, 747 F.3d 903, 905 (D.C. Cir. 2014) (§ 2112 allows petitioners to "promptly move to secure the proper forum without waiting for a clerk's office to process and serve the petition for review."). We submit that the assignment of a case number by the D.C. Circuit, which was included in our Jan. 5 notice to FERC, suffices for this purpose.

Second, Mr. Marotta suggests that Riverkeeper's Jan. 5 filing with FERC falls outside the 10-day statutory window provided for in § 2112(a). We are unaware of any authority that says that the 10-day window is triggered by the constructive denial of the petition at the end of 30 days, nor does counsel cite any. To the contrary, § 2112(a) refers explicitly to the affirmative "issuance" of an order, which is why we linked our filing to FERC's Dec. 26 notice of denial of rehearing. While this specific issue appears to be unresolved, courts have generally been skeptical of arguments that "constructive issuance" of an order can trigger the 10-day window of § 2112(a). *City of Gallup*, 702 F.2d at 1123 ("We reject the constructive issuance argument."). If the Dec. 26 or any later date controls, there is no question that our petition was filed within the statutory window.

We understand that there are arguments on both sides of these two questions. That is why they should be resolved by a court, not argued via email to agency staff. We respectfully renew our request that you file the two petitions with the joint panel as provided for under 28 U.S.C. § 2112(a)(3), and let the parties make whatever arguments they seek to make to the appropriate court.

Sincerely,

*/s/ Jan E. Hasselman*
Jan E. Hasselman
Senior Attorney
Earthjustice
810 3rd Avenue, Suite 610
Seattle, WA 98104
T: (206) 343-7340

# EXHIBIT C

## Marotta, Sean M.

| | |
|---|---|
| **From:** | Jan Hasselman <jhasselman@earthjustice.org> |
| **Sent:** | Thursday, January 11, 2024 2:11 PM |
| **To:** | Robert Solomon; Marotta, Sean M. |
| **Cc:** | Angela X. Gao; Scott R. Ediger |
| **Subject:** | RE: GTN appeals |
| **Attachments:** | 20240105-5207_2024.01.05 Letter to FERC re Petition for Review D.C. Circuit.pdf; 20240105-5207_2024.01.04 Petition for Review DC Circuit.pdf; 2024.01.08 Letter to FERC re Petition for Review D.C. Circuit.pdf; CRK v FERC date stamp.pdf |

**[EXTERNAL]**
Good morning Bob, thank you for your note.

As far as I know, the states are the only other parties eligible to file a petition, and they have not filed one to date.  That could change.

Per your request: I have included with this email: a) the DC Circuit petition that we filed with FERC on January 5.  That petition includes the case number assigned to the case by the Court when we filed on January 4, but does not include the filing stamp, which was not produced by the Court due to some backlog until January 10th.  B) the version with the filing information, which confirms that it was filed on Jan 4; c) our letter to FERC filed Jan. 5; d) my letter to you responding to Mr. Marotta's email about our filing.

With respect to timeliness, we continue to maintain that Dec. 26 is the operative date triggering the 10-day deadline.  As we explained in our letter, that was the date of "issuance" of a decision as required by 28 USC 2112.  But even if Mr. Marotta is correct that the deadline runs from the date of constructive denial of the petition, that date is also December 26.  That is because 15 USC 717r says: "Unless the Commission acts upon the application for rehearing **within thirty days after it is filed**, such application may be deemed to have been denied." (emphasis added).  This means that the thirty-day clock begins on the day "after [the request for rehearing is filed." Here, our rehearing request was filed Nov. 22. The following day is Nov. 23, which started the thirty-day clock per 15 USC 717r. Thirty days after the day the rehearing request was filed was December 23, a Saturday. The next business day was December 26. See FRAP 26(a)(1)(C); Advance Energy United at 23 (using FRAP 26(a)(1)(C) to calculate the time period for Commission action under the FPA).  This reading of the statute is reinforced by FERC's regulations. 18 CFR 2007(a)(1), "any period of time prescribed or allowed by statute . . . is computed to exclude the day of the act or event from which the time period begins to run." Thus, even if the operative date for FERC to begin acting on the rehearing request was November 22, the days would be counted beginning the following day since the time period "is computed to exclude the day of the act or event from which the time period begins to run."  Since our petition was filed within 10 days from Dec. 26, it is timely.

Please let us know you the agency expects to proceed, and if you provide us an estimate of when you will finalize that decision , it would be helpful.

Jan Hasselman
*(he/him)*
Senior Attorney
*Earthjustice*
810 3rd Avenue, #610
Seattle, WA 98104
Office: (206) 343-7340
Direct: (206) 629-8752

1

**From:** Robert Solomon <Robert.Solomon@ferc.gov>
**Sent:** Thursday, January 11, 2024 9:02 AM
**To:** Jan Hasselman <jhasselman@earthjustice.org>; Marotta, Sean M. <sean.marotta@hoganlovells.com>
**Cc:** Angela X. Gao <Angela.Gao@ferc.gov>; Scott R. Ediger <Scott.Ediger@ferc.gov>
**Subject:** GTN appeals

**External Sender**

Counsel, I'm now aware of two petitions for review:  GTN in 5ᵗʰ Cir. No. 24-60002, and Columbia Riverkeeper in D.C. Cir. No. 24-1002.  I think States of WA/OR/CA are the only other parties that requested agency rehearing and therefore are entitled to petition for judicial review.  Please correct me if I am wrong.

For initial venue purposes and 28 USC 2112, please send me your best (indicating time of filing/service) (1) petition for court review and (2) subsequent notice of court filing with the agency.  These are probably already in the emails you've sent me; if so, please re-send.

FYI, here's a recent case (slightly different context) where the court of appeals found that the Commission was too restrictive in calculating dates for purposes of agency rehearing:  https://www.ferc.gov/media/advanced-energy-united-inc-et-al-v-ferc (pp. 19-23).

Of course, the agency proceedings are non-final; as indicated in the Dec. 26 notice, the Commission plans to issue a future order on rehearing.  Regardless of particular case or circuit venue, my office works collegially with parties to develop an appropriate period of abeyance, to allow for merits rehearing order before record filing.  See Advanced Energy United, *et al*. v. FERC, D.C. Cir. No. 23-1282, et al. (now in abeyance, while Commission considers rehearing petitions, following JPML venue selection).

Bob